# DASCAL LAW LLC

350 Springfield Avenue, Suite 200
Summit, New Jersey 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com

July 12, 2022

**Via CM/ECF**
Hon Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey

      **Re:   Cvitan v. Police and Firemen's Retirement System of New Jersey, et al.**
            **Docket No.: 3:22-cv-02385-GC-RLS**

Dear Judge Castner:

I represent the Plaintiff. I am writing this short letter brief in reply to Defendants' opposition to Plaintiff's motion for summary.

First, Defendant PFRS claims that "there is no proof that Newark adopted a resolution allowing any domestic partners to be included for purposes of pension benefits". DE 13-2, p. 7. However, there is proof. The benefit denial letter to Plaintiff Cvitan explains it concerns the "death benefits of Cleave Ledford." DE 6-2, Ex. D. If Newark had never adopted such a resolution, there would be no reason to discuss that in a letter to his domestic partner Cvitan, or to deny her from receiving domestic partnership benefits because of her sex.

This is a bad-faith effort to delay litigation by Defendants. Defendants administer the pension. It is clearly in their knowledge whether or not Newark

1

permits benefits to domestic partners. The evidence is in their possession. Yet they have not produced any witness declaration on the issue - no doubt because they know they cannot.

Defendants' failure to produce evidence in their possession on this issue is, in itself, proof. "At summary judgment, the trier of fact generally may receive the fact of ... nonproduction … of relevant materials as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm [it]." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 292 (3d Cir. 2018) (internal quotes omitted).

Second, Defendant PFRS argues that N.J.A.C. 17:1-5.6 bars all domestic partners from receiving such benefits. [DE 13-2, p.10]. However, the regulation is invalid, because it contradicts New Jersey statutes.

Under New Jersey law, "[i]It is well settled that when the provisions of the statute are clear and unambiguous, a regulation cannot amend, alter, enlarge or limit the terms of the legislative enactment. Where there is a conflict, the statute prevails over the regulation." *Flinn v. Amboy Nat'l Bank*, 93 A.3d 422, 434 (App. Div. 2014) (collecting cases, internal cites and quotes omitted).

As Defendant PFRS explains on pages six and seven of its brief, the determination of survivorship benefits is based on N.J.S.A. 43:16A-12.1 and N.J.S.A. 43:16A-1. Together, those statutes explicitly permit survivor's pension benefits to domestic partners. As such, N.J.A.C. 17:1-5.6 is invalid to the extent that it contradicts the statute by prohibiting all domestic partners from receiving such benefits.

Third, Defendant PFRS claims there is no discrimination because there is now a regulation prohibiting all domestic partners from receiving benefits. DE 13-2, p. 13-14. However, this argument is moot, because the regulation is invalid. Defendant PFRS offers no good justification to defend its discriminatory denial of benefits to Plaintiff.

Fourth, Defendant PFRS argues that there is a disputed material fact because Cvitan's declaration no longer contains an assertion that "PFRS once granted survivor benefits to a woman whose fiancee died a few weeks before the wedding". DE 13-2, p. 14. This is silly. Plaintiff left that out of her declaration because it is not relevant to this motion. It is still true.

This is not a material fact. "Facts that could affect the outcome are 'material facts['.]" *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Whether it is

3

true or false that PFRS once made an exception for another woman, it will not change the outcome of this motion either way.

Defendant Muoio's motion opposition offers little. It essentially just speculates about undisputed facts. This is not enough to resist summary judgment

"[A] mere scintilla of evidence in the nonmovant's favor does not create a genuine issue of fact, and the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016). "The party opposing summary judgment may not rest upon the mere allegations or denials of the pleading; its response … must set forth specific facts showing that there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (internal cites, quotes, modifications omitted).

First, Defendant Muoio wonders whether Plaintiff and Cleave Ledford were registered domestic partners. Plaintiff attached a copy of the certificate of domestic partnership to her declaration in her motion. [DE 6-2, Ex. B] It is a matter of public record.

4

Second, she wonders whether Plaintiff applied for benefits from PFRS and was denied them. Again, this is in Plaintiff's declaration - the benefits denial letter was clearly attached. [DE 6-2, Ex. D] This information is already in Defendants' possession.

Third, she wonders if "PFRS granted survivor pension benefits to other surviving domestic partners in a similar position as Cvitan." As explained above, this is not a material fact. Whether true or false, it will not change the outcome of this motion.

Fourth, she wonders if "Mr. Ledford was an employee of the Newark Police Department, and that Mr. Ledford was entitled to receive pension benefits through PFRS". Again, this information is in Defendants' possession. Cvitan's declaration offers his obituary which specifically mentions it. [DE 6-2, Ex. C.] Also, the benefit denial letter to Plaintiff Cvitan explains it concerns the "death benefits of Cleave Ledford." DE 6-2, Ex. D. This clearly implies that there were death benefits available to Mr. Ledford, which would have required a job such as being a police officer (the fund is called the Police and Firemen's Retirement System for a reason).

5

Much of what Defendant Muoio speculates about is information in the possession of Defendants. They administer the pension, and clearly know these details. Yet they have not produced any witness declaration on the issue - no doubt because they know they cannot. Their failure to produce this information is, in itself, "evidence that the party that has prevented production … out of the well-founded fear that the contents would harm [it]." *Jutrowski,* at 292. (internal quotes omitted).

### **Conclusion**

This is a simple case. Defendants offer no real argument as to the key issue here: Plaintiff was discriminated against because of her sex. If she was a man, she would have received survivorship benefits here.

Instead, they simply delay. They pretend to speculate about information clearly in their possession, and otherwise solely rely on a clearly invalid regulation.

There is no need for discovery or delay. Extended delay is prejudicial to Plaintiff. Due to the nature of Plaintiff's sole claim under 42 U.S.C. § 1983, it appears that Plaintiff may only seek future injunctive relief relating to her denied survivor's pension benefits, and not compensation for past damages for unpaid benefits. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 89-90 (1989).

Accordingly, every additional month that goes by is another month of damages for unpaid pension benefits that Plaintiff may never be able to recover.

As such, Plaintiff's summary judgment motion should be granted.

Regards,

*/s/ Jordan B. Dascal*
Jordan B. Dascal, Esq.

cc: Adversary (via CM/ECF)